UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary Waiters, #273876, | ) | C/A No. 3:12-2847-JMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden V. Cohen, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Gary Waiters, ("Plaintiff"), a state prisoner in the Ridgeland Correctional Institution ("RCI") of the South Carolina Department of Corrections ("SCDC") is proceeding *pro se* and *in forma pauperis*. This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for initial screening. For the reasons that follow, the undersigned recommends that the Complaint be dismissed, without prejudice and without issuance and service of process.

**STANDARD OF REVIEW**

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2) (B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir.1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir.1990).

## BACKGROUND

Plaintiff files this civil action, pursuant to 42 U.S.C. § 1983, on a State Prisoner Complaint Form, naming RCI's Warden Cohen as the sole Defendant, alleging as follows, verbatim:

> In June 2012 I have received some books from Dar-us-Salam.com the next day LT. Housey and the sake-down crew came and sake my room down. Capl. Hooks and the other sake down officer, "I don't know his name." Me and my roommate was in the hallway waiting. When we came back into the room I seen that my new book was rip up. I want down the step and ask them about it nobody say nothing. So that Monday I talk to Ms. Brown that worker at Protect and she told me to write a request to the Warden V. Cohen and let him know what happen.
>
> And she also told me to began the book to her, so I did. She tape it the best she can. I never recieved the request form back. So I file a grievance and didn't get a answer at all S.C.D.C. policy I have 45 days for my grievance to be answer.
>
> This itn't the first time that I wrote request form or grievance and didn't get a answer too, dealing with the Warden. I try to talk to him about a charge that I wasn't charge with but the DHO charge me with it. I try to talk to Warden Cohen he just walk away. Under S.C.D.C. Policy OP-22-14 (19.2) and OP-22-12 (4.2) but he played quiet on that something that support to be throw out, but I was shall charge with 898. But the DHO shall charge me with 903 and my credit was taken away from me.

> Like I say I have written him more than one time deal with problem and he does not do nothing about it. The only think I'm asking for is my money back for my book, and all my good time and visition, canteen, and phone back that all Im asking for.
>
> We also try to talk to him about letting his officers let us out on time, we have OTR to be at place like legal mail, and etc. I have address problem like this to him but no answer.
>
> And also I have wrote to leave a dorm that is nothing but gang banger Im in my 40's late 40's he don't care about nothing dealing with this dorm but kocking it down. His officer well not let us go to the law or legal mail room, is going again my right.

Complaint, Statement of Claim, ECF No. 1, p. 3-4.

## DISCUSSION

Plaintiff's Complaint alleging damage to his book fails to state a cognizable § 1983 claim for violation of a constitutionally protected property or liberty interest. The Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir.1995). Thus, to the extent Plaintiff complains of negligent conduct by Defendant, he cannot bring this action under § 1983. <u>See</u> *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) ("[t]he Due Process Clause of the Fourteenth Amendment ... does not transform every tort committed by a state actor into a constitutional violation").

Even an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina

afforded a meaningful post-deprivation remedy for the loss of animals). Plaintiff has a meaningful remedy under South Carolina law to obtain relief for the alleged damage to his personal property, by bringing an action against the State of South Carolina in state court, pursuant to the South Carolina Tort Claims Act, S.C. Code § 15-78-10 *et seq*. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *see also Hudson v. Palmer*, 468 U.S. at 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); *Yates v. Jamison*, 782 F.2d 1182, 1183-184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).[1] Hence, the alleged deprivation of Plaintiff's personal property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

To the extent that Plaintiff's Complaint attempts to allege a constitutional violation based on Defendant Warden Cohen's action or inactions with regard to his grievance(s) (including failing to respond to such), Plaintiff fails to state a cognizable § 1983 claim. "The Constitution creates no

---

[1] *Yates* has been partially overruled for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d at 929-32 & nn.2-5; *see also Zinermon v. Burch*, 494 U.S. 113 (1990). However, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *see Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) ("[F]ederal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). Further, any allegation that Defendant Warden Cohen did not follow SCDC policies or procedures, standing alone, does not amount to a constitutional violation. *See Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). Additionally, Plaintiff cannot assert liability against Defendant Warden Cohen solely on the theory of *respondeat superior*,[2] and the allegations in Plaintiff's Complaint do not allege that Defendant Warden Cohen took any direct, personal action with respect to the alleged damage done to Plaintiff's book in June 2012.

With respect to Plaintiff's request for restoration of "all my good time and visit[a]ion, canteen, and phone back," Plaintiff fails to state a cognizable § 1983 claim. Under *Sandin v. Conner*, 515 U.S. 472, 484 (1995), an inmate is entitled to a limited right of due process and/or equal protection *only* if a challenged action or condition of his or her confinement "imposes atypical and

---

[2]The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

significant hardship on the inmate in relation to the ordinary incidents of prison life," which, pursuant to precedent in the Fourth Circuit and the State of South Carolina, has been held *not* to include: the loss of the opportunity to earn sentence-related credits,[3] or the loss of canteen, visitation, and phone privileges.[4]

To the extent that Plaintiff alleges that good-time credits were taken away from him, Plaintiff is barred from pursuing a § 1983 claim because he has not won a reversal or expungement of the administrative decision finding him guilty of the disciplinary charge. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

---

[3] Although a prisoner may have due process rights as to good-time credits which are taken away from him, the opportunity to earn good-time or work credits is not a constitutionally established liberty interest. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see Sandin*, 515 U.S. at 477–78. The Supreme Court of South Carolina recently stated that "an inmate's loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest." *Howard v. S.C. Dep't of Corrs.*, 733 S.E.2d 211, 218 (S.C. 2012).

[4] *See United States v. Alkire*, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) (no constitutional right to the use of a phone while in prison); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding); *Bennett v. Cannon*, C/A No. 2:05-2634-GR, 2006 WL 2345983, at *2 (D.S.C. Aug.10, 2006) ("There is simply no freestanding constitutional right to canteen privileges at all."). Prisoners do not have an affirmative constitutional right to visitation. *White v. Keller*, 438 F.Supp. 110, 115 (D.Md.1977)(but leaving open the possibility that a permanent ban on all visitation could implicate the Eighth Amendment), aff'd, 588 F.2d 913 (4th Cir.1978); *see also Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 461 (1989) (finding no right to visitation guaranteed by the Due Process Clause).

*Id.* at 486–87. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court held that the holding from *Heck* applies to challenges to the procedures utilized in inmate disciplinary actions. To the extent that Plaintiff is implicating the duration of his confinement by requesting that good-time credits be restored, he is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *Preiser v. Rodriguez*, 411 U.S. 475 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983).[5]

With respect to Plaintiff's allegation that his request for a transfer from his current RCI dormitory to a different RCI dormitory was not granted, Plaintiff again fails to state a cognizable § 1983 claim. There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. See Meachum v. Fano, 427 U.S. 215, 225 (1976) (holding that the Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); McKune v. Lile, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). The South Carolina Code of Laws vests exclusive authority relating to the care and housing of prisoners on SCDC's Director and places no limitations on official discretion. *See* S.C. Code §§ 24-1-130, 24-1-140, 24-3-20, 24-3-30. Federal courts are required to accord great consideration to a

---

[5]Plaintiff should also note that a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. *See Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973).

7

correctional system's need to maintain order, discipline, and control. *See Wolff v. McDonnell*, 418 U.S. 539, 558-62 (1974), and Plaintiff makes no allegation that his classification for custody status or his assignment to his current dormitory imposes an atypical and significant hardship on him in relation to the ordinary incidents of prison life, so as to meet the *Sandin* test.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Complaint be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

December 7, 2012
Columbia, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).